**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 16-0413-bk(L)   **Caption [use short title]**

**Motion for:** Leave to Participate in Oral Argument

In the Matter of Bernard L. Madoff Investment Securities, LLC

Elliot G. Sagor et al. v. Irving H. Picard, Trustee

Set forth below precise, complete statement of relief sought:

Amici request that the Court grant them leave to participate in the oral argument on these appeals; that the Court enlarge the time for oral argument to allow Amici five minutes to present their distinct issues; and further, that the Court allow the appellees a comparable amount of time to respond to these distinct issues.

**MOVING PARTY:** Amici—please see addendum.   **OPPOSING PARTY:** Please see addendum.

☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Amici—please see addendum.   **OPPOSING ATTORNEY:** Please see addendum.

[name of attorney, with firm, address, phone number and e-mail]

**Court-Judge/Agency appealed from:** United States District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): 

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this Court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☐ Yes ☑ No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No   If yes, enter date:

**Signature of Moving Attorney:**
/s/ Laura K. Clinton   **Date:** December 2, 2016   **Service by:** ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# ADDENDUM TO FORM T-1080

**AMICI PARTIES AND ATTORNEYS**

*For Amici Identified in Brief App. A*
Richard A. Kirby
Laura K. Clinton
Baker & McKenzie LLP
815 Connecticut Avenue NW
Washington, DC 20006
(202) 452-7020
richard.kirby@bakermckenzie.com
laura.clinton@bakermckenzie.com

*For Amici Identified in Brief App. B*
Richard Levy, Jr.
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
(212) 421-4100
rlevy@pryorcashman.com

*For Amici Identified in Brief App. C*
Carole Neville
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
carole.neville@dentons.com

*For Amici Identified in Brief App. D*
William P. Weintraub
Kizzy L. Jarashow
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York
(212) 813-8800
wweintraub@goodwinlaw.com
kjarashow@goodwinlaw.com

i

## PARTIES AND ATTORNEYS

*For Irving H. Picard, Appellee (Case Nos. 16-0413-bk(L), 16-0420-bk(CON), and 16-0423-bk(CON))*
Amy E. Vanderwal
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
(212) 589-4200
vanderwal@bakerlaw.com

*For Securities Investor Protection Corporation, Intervenor (Case Nos. 16-0413-bk(L), 16-0420-bk(CON), and 16-0423-bk(CON))*
Kevin H. Bell
Securities Investor Protection Corporation
1667 K Street NW, Suite 1000
Washington, DC 20006
(202) 371-8300
kbell@sipc.org

*For Elliot G. Sagor, Appellant, Pro Se (Case Nos. 16-0413-bk(L), 16-0420-bk(CON), and 16-0423-bk(CON))*
Elliot G. Sagor
Mintz & Gold LLP
600 3rd Avenue, 25th Floor
New York, NY 10016
(212) 696-4848
sagor@mintzandgold.com

*For Edward A. Zraick et al., Appellants (Case Nos. 16-0413-bk(L), 16-0420-bk(CON), and 16-0423-bk(CON))*
Peter S. Partee Sr.
Robert A. Rich
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166
(212) 309-1000
ppartee@hunton.com
rrich2@hunton.com

*For Theresa R. Ryan et al., Appellants (Case Nos. 16-0420-bk(CON) and 16-0423-bk(CON))*
Helen David Chaitman
Chaitman LLP
465 Park Avenue
New York, NY 10022
(888) 795-1114
hchaitman@chaitmanllp.com

## INTRODUCTION

Amici[1] respectfully request that the Court grant them leave to participate in the oral argument on these appeals; that the Court enlarge the time for oral argument to allow Amici five minutes to present their distinct issues; and further, that the Court allow the appellees a comparable amount of time to respond to these distinct issues. All parties have agreed to this request, which is not intended to reduce the argument time allocated to the parties.[2] The district court granted a similar request to permit the Amici to participate before that court in the oral argument of this matter on consent of all parties.

The present appeals challenge the Trustee's computation methodology for SIPA claims involving inter-account transfers between two separate customer accounts. While Amici believe that a SIPA Trustee is bound by many of the same property-right principles in his calculation of SIPA claims as those principles that apply to defenses raised by avoidance defendants, Amici highlight the differences between the issues now on appeal and those distinct issues involving the treatment of inter-account transfers in the ongoing avoidance actions now pending before the Bankruptcy Court. Because of the very different governing statutes, however,

---

[1] Amici are the parties identified in Appendices A–D of the amicus brief. Docket No. 155 at 34–38.

[2] Appellant Elliot Sagor, who makes arguments in addition to the arguments made by other appellants, consents on the expectation that he will have no less time for oral argument.

1

Amici believe that, even if this Court elects not to hold the Trustee to the statutory methods for abrogating the recipient-transferee's property rights in the claim-computation context, the issues in avoidance actions are sufficiently different and involve separate questions so as to merit specific reservation by the Court for later decision. For this reason, Amici's presentation at oral argument will not duplicate the parties' arguments.

## ARGUMENT

Under Federal Rule of Appellate Procedure 29(g), amicus parties may participate in oral argument if they obtain the court's leave. Before 1998, Rule 29 limited amicus arguments to "extraordinary" situations. 21-329 Moore's Federal Practice—Civil § 329 App. 02 (2016). In 1998, however, the rule was expanded to permit amicus argument "with the court's permission." *Id.* The committee note to the 1998 amendment explains that the change more accurately reflected the current practice, where "it is not unusual for a court to permit an amicus to argue" when parties are willing to share argument time. *Id.* Granting oral argument is thus a matter within the court's discretion. Here, Amici seek additional time so as not to infringe on the time allocated to appellants in this appeal. In this case, where the parties and lower courts have recognized the importance of Amici interests on the questions presented, participation in oral argument is appropriate.

As detailed in Amici's brief, the Securities Investor Protection Act ("**SIPA**") governs a SIPA Trustee's calculation of SIPA claims, whereas the Bankruptcy Code mandates a different process for judicial determination of bankruptcy avoidance claims. SIPA establishes a customer-property fund that is separate from the general estate. Each customer receives a ratable amount of the customer-property fund, which is calculated based on the customer's net equity. 15 U.S.C. § 78fff-2(c)(1)(B). When a customer makes claim against this fund, SIPA authorizes the SIPA Trustee to calculate each customer's net equity in the first instance. 15 U.S.C. § 78fff-2(b). The net-equity equation is set forth at 15 U.S.C. § 78lll(11). While this calculation governs how much the Trustee can pay out to satisfy that customer's claim against the customer property estate, it has no bearing on a potential avoidance action and the Trustee's powers to bring funds back into the estate.

In contrast, when the SIPA Trustee commences an avoidance action to recover prior transfers, he has only "the same powers and title" as a trustee in a standard bankruptcy case. 15 U.S.C. § 78fff-1(a); *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 212 (2d Cir. 2014) ("A SIPA trustee has no greater legal interest in unadjudicated fraudulent transfers than does a trustee in bankruptcy."). Thus, SIPA permits the Trustee to avoid an inter-account transfer only "if and to the extent" that the transfer is voidable or void under the Bankruptcy Code. 15

3

U.S.C. § 78fff-2(c)(3). How much of a prior transfer a trustee can recover from a customer who received an inter-account transfer from a different customer is governed by bankruptcy law, and SIPA yields to that distinct process. Amici believe these differences are essential to deciding the issues in this appeal.

In the lower courts, Amici are currently litigating how inter-account transfers should be treated in the context of the special bankruptcy definition of transfer (11 U.S.C. § 101(54)) and the value defense (11 U.S.C. § 548(c)), which protects the right of an innocent customer to retain amounts transferred to such customer based upon value given by such customer to the debtor at the time of such transfer under substantive non-bankruptcy law. Under these provisions, the Trustee must first avoid and unwind the initial transfers by transferor customers to recipient customers before he can pursue the recipient customers. At that point, those recipient customers may raise the defense that they gave value to the debtor under Section 548(c) of the Bankruptcy Code—when they withdrew funds from their separate Madoff accounts—by exercising their contemporaneous state-law contractual rights to the account proceeds transferred to them. *See Picard v. Ida Fishman Revocable Tr.*, 773 F.3d 411, 422–23 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 2858, 135 S. Ct. 2859 (2015).

While the bankruptcy court has, subsequent to the decision at issue in this appeal, extended its ruling to Trustee claims in adversary proceedings (Amicus Br.

4

at 4), the district court did not do so. Instead, the district court was careful to leave open the question of the treatment of inter-account transfers in separate adversary proceedings. Thus, the question of the Trustee's avoidance powers in an adversary proceeding is not before the Court. Amici urge the Court also not to address the issue at this time. Therefore, to the extent this Court rules on inter-account transfers, Amici request the opportunity to explain at oral argument why the Court's decision should be limited to the SIPA context only.

## CONCLUSION

For the foregoing reasons, Amici request leave to participate in oral argument and ask that they be granted five minutes in addition to the time allocated to appellants to present their separate position. Amici seek additional time with the consent of all parties so that they will not impinge on the time allocated to the appellants. Comparable additional time should be allocated to SIPC and the Trustee to address these distinct issues.

Dated December 2, 2016.

By:   */s/ Laura K. Clinton*
BAKER & MCKENZIE LLP
Richard A. Kirby
Laura K. Clinton
815 Connecticut Avenue NW
Washington, DC 20006
(202) 452-7020
*Attorneys for Amici Identified in Brief App. A*

5

PRYOR CASHMAN LLP
Richard Levy, Jr.
7 Times Square
New York, NY 10036-6569
(212) 421-4100
*Attorney for Amici Identified in Brief App. B*

DENTONS US LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
*Attorney for Amici Identified in Brief App. C*

GOODWIN PROCTER LLP
William P. Weintraub
Kizzy L. Jarashow
The New York Times Building
620 Eighth Avenue
New York, New York
*Attorneys for Amici Identified in Brief App. D*